UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO OSIEL VALENCIA BARRERA,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO POLICE DEPARTMENT, et al.,<br><br>  Defendants. | Case No. 23-cv-00467-WHO<br><br>**ORDER ON APPLICATION TO PROCEED IN FORMA PAUPERIS AND INITIAL REVIEW** |

Pro se plaintiff Arturo Osiel Valencia Barrera has filed a complaint, a First Amended Complaint, and an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2, 5. Having reviewed Barrera's financial affidavit, he satisfies the economic eligibility requirements of 28 U.S.C. § 1915(a) and I GRANT the IFP application.

Next, I must examine his First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to ensure that it is not frivolous and states a claim on which relief may be granted. A complaint filed by a plaintiff proceeding in forma pauperis is subject to sua sponte review by the court. *See* 28 U.S.C. § 1915(e)(2).

The court "shall dismiss the case" if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief again a defendant who is immune from such relief. *Id*. "A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The in forma pauperis statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (internal quotation marks omitted). A judge may dismiss "claims describing fantastic or delusional scenarios," but may not dismiss merely based on a belief that the allegations are unlikely. *Id*. (internal quotation marks omitted). Even "a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are

1  grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061
2  (9th Cir. 2007).

3   In his First Amended Complaint, Barrera alleges that the staff, security, and "even
4  shoppers" at a Whole Foods store in San Francisco conspired to poison the food Barrera purchased
5  on January 29, 2023. He further asserts that all of the food he has been buying and eating from
6  that Whole Food "for a long time" has been poisoned. Barrera reported the poisoning to the San
7  Francisco Police department more than once, and on January 29, 2023 he was able to speak with
8  Sergeant B. Kneuker. Barrera alleges that Sgt. B. Kneuker refused to investigate the poisoning
9  and refused to test the food. That refusal gave Barrera "reason to believe that" the Sergeant "along
10 with the San Francisco Police Department, and the San Francisco County, at large, are actively
11 conspiring against me to deprive me the constitutional right of equal protection." *See* Dkt. No. 5.
12 Based on these allegations, Barrera wants to pursue constitutional equal protection claims, naming
13 the San Francisco Police Department, Sergeant B. Kneuker, Sergeant Robert Glenn, and the
14 Whole Food Market at 1185 Market Street in San Francisco as defendants. *Id*.

15   Barrera's complaint is frivolous, based on fantastical or delusional allegations, and must be
16 dismissed. It is fantastical to assert – without any plausible facts in support – that Whole Foods,
17 their security, and other customers conspired to intentionally poison Barrera's food. It is no
18 wonder that the San Francisco Police Department did not test the food or conduct an investigation,
19 and the notion that they were involved in the purported conspiracy because they failed to do so is
20 not only implausible but fantastical.

21   Pursuant to my duty to review the First Amended Complaint prior to continuation of the
22 litigation, I DISMISS it with prejudice under § 1915(e)(2). Dismissal is with prejudice because
23 no amendment could cure the baseless nature of Barrera's allegations.

24   **IT IS SO ORDERED.**
25 Dated: May 24, 2023

William H. Orrick
United States District Judge